UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAM SING, | No. 2:16-cv-2024-MCE-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| GEORGE WARREN & CHANNEL 10, | |
| Defendants. | |

Plaintiff Ram Sing, who proceeds without counsel in this action, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1]  (ECF No. 2.)  Plaintiff's application in support of his request to proceed *in forma pauperis* makes the showing required by 28 U.S.C. § 1915.  Accordingly, the court grants plaintiff's request to proceed *in forma pauperis*.

The determination that a plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1	A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996).  The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  A federal district court generally has original jurisdiction over a civil action when:  (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).

In this case, plaintiff appears to allege that defendants Channel 10 and George Warren, ostensibly a reporter for Channel 10, violated plaintiff's rights under the United States and California constitutions by spreading propaganda about plaintiff, misrepresenting to the public that plaintiff took marijuana from California to Nevada, and trespassing on plaintiff's property in the course of performing their news media work.  (See generally ECF No. 1.)

Although plaintiff asserts a federal claim under 42 U.S.C. § 1983, such a claim generally does not lie against a private individual or business entity that does not act under color of state law.  See Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002).  To be sure, a private individual's action can amount to state action under certain circumstances.  See Franklin, 312 F.3d at 445 (outlining four potential tests:  (1) the public function test, (2) the joint action test, (3) the state compulsion test, or (4) the governmental nexus test).  However, even though plaintiff apparently attempts to invoke the joint action test by alleging some type of conspiracy between defendants and some local sheriff, such allegations are entirely conclusory and vague.  Therefore, plaintiff's complaint does not state a cognizable federal claim sufficient to invoke the court's federal question jurisdiction.  Furthermore, there is no diversity of citizenship jurisdiction, because plaintiff and defendants are all citizens of California.   Consequently, the court lacks federal subject matter jurisdiction over this action.

////

1    Accordingly, the court dismisses plaintiff's complaint, but with leave to amend. If
2 plaintiff elects to file an amended complaint, it shall be clearly captioned "First Amended
3 Complaint" and shall cure the jurisdictional deficiencies identified above. Plaintiff is informed
4 that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first
5 amended complaint complete. Local Rule 220 requires that an amended complaint be complete
6 in itself without reference to any prior pleading. As a general rule, an amended complaint
7 supersedes the original complaint, and once the first amended complaint is filed, the original
8 complaint no longer serves any function in the case.
9    Finally, nothing in this order requires plaintiff to file a first amended complaint. If
10 plaintiff concludes that he is unable to cure such federal jurisdictional deficiencies, he may
11 instead elect to file an action in state court.
12    Accordingly, IT IS HEREBY ORDERED that:
13    1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted.
14    2. Plaintiff's complaint is dismissed, but with leave to amend.
15    3. Within 28 days of the date of this order, plaintiff shall file a first amended complaint
16       in accordance with this order. Alternatively, if plaintiff no longer wishes to pursue
17       this action in federal court, plaintiff shall file a notice of voluntary dismissal of the
18       action without prejudice within 28 days of the date of this order.
19    4. Failure to file either a first amended complaint or a notice of voluntary dismissal
20       without prejudice by the required deadline may result in dismissal of the action with
21       prejudice pursuant to Federal Rule of Civil Procedure 41(b).
22    IT IS SO ORDERED.
23 Dated: September 27, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3