1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RAM SING,                                      No.  2:16-cv-2024-MCE-KJN PS

12                        Plaintiff,

13          v.                                        ORDER

14    GEORGE WARREN & CHANNEL 10,

15
                           Defendants.
16

17

18          On September 27, 2016, the court granted plaintiff's motion to proceed *in forma pauperis*

19    and dismissed plaintiff's original complaint with leave to amend.[1]  (ECF No. 3.)  Thereafter, on

20    October 5, 2016, plaintiff filed a first amended complaint, which remains pending for screening in

21    accordance with 28 U.S.C. § 1915.  (ECF No. 4.)  For the reasons discussed below, the court

22    dismisses plaintiff's first amended complaint, but with leave to amend.

23          Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it

24    determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails

25    to state a claim on which relief may be granted, or seeks monetary relief against an immune

26    defendant.

27

28    [1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21).

                                                    1

1    A federal court has an independent duty to assess whether federal subject matter

2  jurisdiction exists, whether or not the parties raise the issue.  See United Investors Life Ins. Co. v.

3  Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty

4  to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties

5  raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996).

6  The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject

7  matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  A federal district court generally has original

8  jurisdiction over a civil action when:  (1) a federal question is presented in an action "arising

9  under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of

10  citizenship and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).

11    In this case, plaintiff generally alleges that defendants Channel 10 and George Warren,

12  ostensibly a reporter for Channel 10, violated plaintiff's rights under the United States and

13  California constitutions by spreading propaganda about plaintiff, misrepresenting to the public

14  that plaintiff took marijuana from California to Nevada, and trespassing on plaintiff's property in

15  the course of performing their news media work.  (See generally ECF No. 4.)

16    As the court noted in its previous order dismissing plaintiff's original complaint, a claim

17  under 42 U.S.C. § 1983 generally does not lie against a private individual or business entity that

18  does not act under color of state law.  See Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002).

19  However, a private individual's action can amount to state action under certain circumstances.

20  See Franklin, 312 F.3d at 445 (outlining four potential tests: (1) the public function test, (2) the

21  joint action test, (3) the state compulsion test, or (4) the governmental nexus test).  In his original

22  complaint, plaintiff attempted to invoke the joint action test by alleging some type of conspiracy

23  between defendants and a local sheriff, but such allegations were noted to be entirely vague and

24  conclusory.  Plaintiff's first amended complaint fares no better.  Although the first amended

25  complaint makes several references to "joint action" and a "civil conspiracy," it fails to allege any

26  non-conclusory facts plausibly suggesting joint action between defendants and any state actor.

27    Therefore, plaintiff's complaint does not state a cognizable federal claim sufficient to

28  invoke the court's federal question jurisdiction.  Furthermore, there is no diversity of citizenship

1  jurisdiction, because plaintiff and defendants are all citizens of California.   Consequently, the

2  court lacks federal subject matter jurisdiction over this action.

3       Accordingly, the court dismisses plaintiff's complaint, but with leave to amend.  If

4  plaintiff elects to file an amended complaint, it shall be clearly captioned "Second Amended

5  Complaint" and shall cure the jurisdictional deficiencies identified above.  Plaintiff is informed

6  that the court cannot refer to a prior complaint or other filing in order to make plaintiff's second

7  amended complaint complete.  Local Rule 220 requires that an amended complaint be complete

8  in itself without reference to any prior pleading.  As a general rule, an amended complaint

9  supersedes the prior pleadings, and once the second amended complaint is filed, the original

10  complaint and first amended complaint no longer serve any function in the case.

11       Finally, nothing in this order requires plaintiff to file a second amended complaint.  If

12  plaintiff concludes that he is unable to cure such federal jurisdictional deficiencies, he may

13  instead elect to file an action in state court.

14       Accordingly, IT IS HEREBY ORDERED that:

15       1.  Plaintiff's first amended complaint is dismissed, but with leave to amend.

16       2.  Within 28 days of this order, plaintiff shall file a second amended complaint in

17            accordance with this order.  Alternatively, if plaintiff no longer wishes to pursue this

18            action in federal court, plaintiff shall file a notice of voluntary dismissal of the action

19            without prejudice within 28 days of this order.

20       3.  Failure to file either a second amended complaint or a notice of voluntary dismissal

21            without prejudice by the required deadline may result in dismissal of the action with

22            prejudice pursuant to Federal Rule of Civil Procedure 41(b).

23       IT IS SO ORDERED.

24  Dated:  October 12, 2016

25                                                    _____

26                                                    KENDALL J. NEWMAN
                                                      UNITED STATES MAGISTRATE JUDGE

27

28