UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAM SING, | No. 2:16-cv-2024-MCE-KJN PS |
| Plaintiff, | |
| v. | ORDER AND |
| GEORGE WARREN & CHANNEL 10, | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

On September 27, 2016, the court granted plaintiff's motion to proceed *in forma pauperis* and dismissed plaintiff's original complaint with leave to amend.[1] (ECF Nos. 1-3.) Thereafter, on October 5, 2016, plaintiff filed a first amended complaint. (ECF No. 4.) On October 12, 2016, the court also dismissed the first amended complaint, but again with leave to amend. (ECF No. 5.) Subsequently, on November 2, 2016, plaintiff filed the operative second amended complaint, which remains pending for screening in accordance with 28 U.S.C. § 1915. (ECF No. 6.) For the reasons discussed below, the court recommends that plaintiff's second amended complaint be DISMISSED without further leave to amend.

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21).

1

1     Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it
2 determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails
3 to state a claim on which relief may be granted, or seeks monetary relief against an immune
4 defendant.

5     A federal court has an independent duty to assess whether federal subject matter
6 jurisdiction exists, whether or not the parties raise the issue.  See United Investors Life Ins. Co. v.
7 Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty
8 to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties
9 raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996).
10 The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject
11 matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  A federal district court generally has original
12 jurisdiction over a civil action when:  (1) a federal question is presented in an action "arising
13 under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of
14 citizenship and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).

15     In this case, plaintiff generally alleges that defendants Channel 10 and George Warren,
16 ostensibly a reporter for Channel 10, violated plaintiff's rights under the United States and
17 California constitutions by spreading propaganda about plaintiff, misrepresenting to the public
18 that plaintiff took marijuana from California to Nevada, and trespassing on and destroying
19 plaintiff's property in the course of performing their news media work.

20     As the court noted in its previous orders, a claim under 42 U.S.C. § 1983 generally does
21 not lie against a private individual or business entity that does not act under color of state law.
22 See Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002).  However, a private individual's action
23 can amount to state action under certain circumstances.  See Franklin, 312 F.3d at 445 (outlining
24 four potential tests:  (1) the public function test, (2) the joint action test, (3) the state compulsion
25 test, or (4) the governmental nexus test).  In the prior versions of his complaint, plaintiff
26 attempted to invoke the joint action test by alleging some type of conspiracy between defendants
27 and a local sheriff, but such allegations were noted to be entirely vague and conclusory.
28 Plaintiff's second complaint fares no better.  Although the second amended complaint makes

1  several vague references to a civil conspiracy, mutual aid, and a financially beneficial
2  relationship, plaintiff yet again fails to allege any non-conclusory facts plausibly suggesting joint
3  action between defendants and any state actor.  See Burns v. County of King, 883 F.2d 819, 821
4  (9th Cir. 1989) ("To state a claim for a conspiracy to violate one's constitutional rights under
5  section 1983, the plaintiff must state specific facts to support the existence of the claimed
6  conspiracy.").  Even though plaintiff claims that defendants were purportedly present during the
7  raid(s) of his property, he provides no specific facts suggesting that defendants were present to
8  assist law enforcement with the raid as opposed to performing news coverage of the raid.  Indeed,
9  plaintiff's bald assertions to the contrary appear entirely implausible and frivolous.

10  Therefore, plaintiff's complaint does not state a cognizable federal claim sufficient to
11  invoke the court's federal question jurisdiction.  Furthermore, there is no diversity of citizenship
12  jurisdiction, because plaintiff and defendants are all citizens of California.   Consequently, the
13  court lacks federal subject matter jurisdiction over this action.

14  The court has carefully considered whether further leave to amend should be granted.
15  Plaintiff has already twice been granted leave to amend to correct the deficiencies identified by
16  the court, *inter alia*, to provide more specific factual allegations regarding the alleged conspiracy
17  that could form the basis for a potential federal Section 1983 claim.  However, despite receiving
18  clear notice of the deficiencies of his claims, plaintiff has failed to cure such deficiencies.
19  Therefore, and because plaintiff's claims also appear implausible and frivolous, the court finds
20  that granting further leave to amend would be futile.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d
21  336, 339 (9th Cir. 1996).

22  Accordingly, IT IS HEREBY RECOMMENDED that:
23  1.  Plaintiff's second amended complaint be dismissed without further leave to amend.
24  2.  The action be dismissed with prejudice.
25  3.  The Clerk of Court be directed to close this case.
26  In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading,
27  discovery, and motion practice in this action are STAYED pending resolution of those findings
28  and recommendations.  With the exception of objections to the findings and recommendations

1   and non-frivolous motions for emergency relief, the court will not entertain or respond to further
2   motions or other filings until the findings and recommendations are resolved.
3         These findings and recommendations are submitted to the United States District Judge
4   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)
5   days after being served with these findings and recommendations, any party may file written
6   objections with the court and serve a copy on all parties.  Such a document should be captioned
7   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
8   shall be served on all parties and filed with the court within fourteen (14) days after service of the
9   objections.  The parties are advised that failure to file objections within the specified time may
10  waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th
11  Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).
12        IT IS SO ORDERED AND RECOMMENDED.
13  Dated:  December 6, 2016

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE